BRIAN J. STRETCH (CABN 163973)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

ERIN A. CORNELL (CABN 227135)
Special Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Facsimile: (510) 637-3724
    Erin.Cornell@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4-16-70367 ~~DMR~~ MAG |
| Plaintiff, | ORDER OF DETENTION **AS MODIFIED** |
| v. | |
| TOMMY RAMSEY, | |
| Defendant. | |

On March 30, 2016, the Court conducted a detention hearing in the above-captioned case for defendant Tommy Ramsey. The Court has carefully considered the proffers of the government and the defendant's counsel, along with the information contained in the Pretrial Services Report. The Court finds by clear and convincing evidence that the defendant is a danger to the community. For the reasons set forth below as well as those stated on the record on March 30, 2016, the Court concludes that there are no conditions or combination of conditions that could be fashioned in order to properly protect the community from the defendant if he is released. Therefore, the Court orders that the defendant be detained.

**I.    LEGAL STANDARD**

Under the Bail Reform Act, an authorized judicial officer may order the detention or release of a

defendant pending trial.  The judicial officer may detain a defendant where the government shows by clear and convincing evidence that no release condition will reasonably assure the safety of the community.  Specifically, detention may be ordered where the court finds no condition or combination of conditions could prevent the defendant's continued or future criminal activity.  *United States v. Salerno*, 481 U.S. 739 (1987).  Additionally, the judicial officer may detain a defendant if the government proves by a preponderance of the evidence that the defendant poses a risk of flight.  *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

## II.     ANALYSIS

For the reasons stated on the record on March 30, 2016, the Court finds that the government has met its burden in establishing that the defendant is a danger to the community.  Although the defendant is young, he has already had several felony convictions, some involving firearms, which led to significant prison terms.  The defendant was also on parole at the time he committed the instant offense.  The Court also considered the threatening statements that the defendant allegedly made to police officers at the time of his arrest.

## III.    CONCLUSION

Having considered all of the relevant factors set forth in 18 U.S.C. § 3142(g), and for the reasons set forth herein, as well as those stated on the record on March 30, 2016, the Court hereby finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community or others if the defendant is released.  *See* 18 U.S.C. § 3142(f).  Therefore, the Court ORDERS that the defendant be detained.

IT IS SO ORDERED.

DATED: March 31, 2016

_____
HONORABLE DONNA M. RYU
United States Magistrate Judge

ORDER OF DETENTION
Case No. 4-16-70367 ~~DMR~~ MAG

2